NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN CLINT DRAPER, | No. 17-16950 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01917-GEB-CKD |
| v. | |
| A. GARCIA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

California state prisoner John Clint Draper appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging Eighth Amendment violations.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*, 775 F.3d 1182,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Draper did not exhaust his administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing the limited circumstances under which administrative remedies are deemed unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

The district court did not abuse its discretion by granting summary judgment without allowing Draper to conduct additional discovery because Draper failed to show what material facts would have been discovered that would have precluded summary judgment.  *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (setting forth standard of review and recognizing that "[t]he burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment").

We reject as without merit Draper's contentions that the district court denied him due process and equal protection.

We do not consider arguments and allegations raised for the first time on

17-16950

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Draper's requests to augment the record, set forth in his opening brief, and for appointment of counsel, set forth in his reply brief, are denied.

**AFFIRMED.**